UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRYAN L. ORR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 05-CV-1440-B |
| | § | ECF |
| ECHOSPHERE, L.L.C., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (doc. 8), filed September 12, 2005. After review of the pleadings and arguments of the parties, the Court **DENIES** Defendant's Motion.

## I. BACKGROUND

This is a disability discrimination case brought by Plaintiff Bryan Orr ("Orr") after he was terminated from his position with Defendant Echosphere, L.L.C. ("Echosphere"). According to Orr's Amended Complaint (doc. 12), Orr suffered a brain injury in the course of his employment with Echosphere in March 2000. (Pl. Am. Compl. ¶ 5) Orr's injury substantially limits him in numerous major life activities, such as walking, talking, driving, and writing. (*Id.* at ¶ 6) Orr asserts that his impairments, however, did not prevent him from performing the essential functions of his job as an administrative support representative for Echosphere. (*Id.* at ¶ 7) Orr does state that the medication he took could make him drowsy and potentially cause him to fall asleep. (*Id.* at ¶¶ 6-7)

Beginning in December 2004, Orr claims he was subjected to discriminatory treatment in the

form of reduced hours, failure to make reasonable accommodations, and termination on January 24, 2005.  (*Id.* at ¶¶ 8-9)  Orr filed suit against Echosphere on June 15, 2005 in Texas state court, bringing claims of disability discrimination in violation of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE ANN. §§ 21.001, *et seq.* (Vernon 1996 & Supp. 2005), and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, *et seq.* (2005). Echosphere removed the case to federal court on July 20, 2005 on the basis of federal question jurisdiction.  Echosphere filed its first Motion to Dismiss on July 27, 2005.  (doc. 3)  In response, Orr was granted permission to file an Amended Complaint in order to allege more facts in support of his claim.  Echosphere then filed the instant Motion to Dismiss Plaintiff's Amended Complaint on September 12, 2005.  (doc. 8)  The parties have briefed the issues, and the Court now turns to the merits of its decision.

## II. ANALYSIS

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004).  In deciding a motion to dismiss, the Court must construe Orr's Amended Complaint in the light most favorable to Orr and draw all reasonable inferences in Orr's favor. *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004).  However, the Court need not rely on "conclusional allegations or legal conclusions disguised as factual allegations." *Id.*  A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that a plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Id.*  The Court will now consider Echosphere's arguments.

### A.    Discrimination "Because of" a Disability

The first ground for dismissal urged by Echosphere is its claim that Orr has not sufficiently pleaded that an adverse action was taken because of his disability. (Def. Br. p. 5)  Echosphere claims

that Orr must prove that he was discriminated against "solely because of" his disability in order to prevail under the ADA and that statements in Orr's Amended Complaint preclude such a finding. (*Id.* at pp. 5-6)  Orr asserts that he must only demonstrate his disability was a motivating factor in Echosphere's decisions. (Pl. Resp. Br. pp. 18-25)  Orr is correct.

The error in Echosphere's argument comes from its reliance on *Rizzo v. Children's World Learning Centers, Inc.*, 84 F.3d 758 (5th Cir. 1996).[1]  In *Rizzo*, the Fifth Circuit did state that the standard of causation in an ADA case was "solely because of." *Id.* at 763.  In making that pronouncement, however, *Rizzo* relied on cases that dealt with the Rehabilitation Act of 1973 instead of the ADA. *See Doe v. Univ. of Md. Med. Sys. Corp.*, 50 F.3d 1261, 1265 (4th Cir. 1995); *Chiari v. City of League City*, 920 F.2d 311, 315 (5th Cir. 1991).  The text of the Rehabilitation Act, which prohibits discrimination against individuals with disabilities who participate in certain federal or federally-funded programs, specifically requires that the adverse employment action be taken "solely by reason of" an individual's disability in order for liability to attach. 29 U.S.C. § 794(a).  In contrast, the ADA only requires that the discrimination be "because of" a disability, which is identical to the language of Title VII and mandates use of the motivating factor standard of causation. *Soledad v. U.S. Dep't of Treasury*, 304 F.3d 500, 503-04 (5th Cir. 2002); *Ahrens v. Perot Sys. Corp.*, 205 F.3d 831, 835 (5th Cir. 2000); *Newberry v. E. Tex. State Univ.*, 161 F.3d 276, 279 (5th Cir. 1998); *see also Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 652 (5th Cir. 2004) (using

---

[1] Almost all of the cases cited by Echosphere for the proposition that the ADA standard of causation is "solely because of" can be traced back to the *Rizzo* decision. *See Still v. Freeport-McMoran, Inc.*, 120 F.3d 50, 51-52 (5th Cir. 1997) (per curiam) (citing *Rizzo*); *Turco v. Hoechst Celanese Corp.*, 101 F.3d 1090, 1092 (5th Cir. 1996) (citing *Rizzo*); *see also Gonzales v. City of New Braunfels*, 176 F.3d 834, 836 (5th Cir. 1999) (citing *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999), which does not use the "solely" standard).

motivating factor test for discrimination under Title VII).

The Fifth Circuit highlighted this difference between the ADA and the Rehabilitation Act in *Soledad v. United States Department of Treasury*, 304 F.3d at 503-04. In *Soledad*, the Fifth Circuit compared the texts of the ADA and the Rehabilitation Act and found that while actions under the Rehabilitation Act required the discrimination be solely because of a disability, the ADA was governed by the motivating factor standard. *Id.* Subsequent Fifth Circuit precedent has followed this holding. *See Bennett-Nelson v. La. Bd. of Regents*, 431 F.3d 448, 454 (5th Cir. 2005). Therefore, although there is Fifth Circuit precedent on both sides of this issue, the standard of causation in this case is motivating factor. To the extent Echosphere's motion depends on a contrary reading of the ADA, it will be denied.[2]

Echosphere makes two other arguments on this point. First, Echosphere claims that the allegation that Orr's disability was a motivating factor in his termination is conclusory and without factual support. (Def. Br. p. 6)  In *Swierkiewicz v. Sorema, N.A.*, the Supreme Court held that plaintiffs in employment discrimination cases need only satisfy Rule 8(a)'s pleading requirement of a short and plan statement of a claim for relief. 534 U.S. 506, 510-14 (2002); *see also* Fed. R. Civ. P. 8(a). The Court finds that Orr's Amended Complaint satisfies Rule 8(a)'s requirement and gives Echosphere adequate notice of his claim against it. *See also Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998) (stating that all a complaint need say is "I was turned down for a job because of my race"). Orr need not bring forward all of his evidentiary allegations at this point in the case.

---

[2] The Court also notes that the Texas Supreme Court has held that disability discrimination under the TCHRA is also governed by the motivating factor standard. *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003); *Quantum Chem. Corp v. Toennies*, 47 S.W.3d 473, 480 (Tex. 2001).

Second, Echosphere claims that Orr admits he was terminated for sleeping on the job because he included that statement in his Amended Complaint. (Def. Br. pp. 6-7) Orr makes no such admission. The specific references Echosphere relies on are part of Orr's factual recitation that he was terminated for "allegedly" sleeping on the job. (Pl. Am. Compl. ¶¶ 8-9) Such statements do not mean that Orr agrees with Echosphere's stated reasons for his termination, and Orr remains free to argue Echosphere's reasons were a pretext or that his disability was still a motivating factor in Echosphere's decisions. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004).

**B.**    *Essential Functions of the Job*

Echosphere's next argument for dismissal is that Orr's Amended Complaint reveals that Orr was incapable of performing the essential functions of his job. (Def. Br. pp. 7-9) Under Echosphere's theory, Orr's allegations that he was substantially limited in the activities of using his hands, writing, and lifting demonstrate that Orr was unable to perform his job at Echosphere. (*Id.* at pp. 7-8) Echosphere also argues that the fact that Orr's medication caused him to be drowsy also meant he could not perform the essential functions of his job. (*Id.* at p. 7) The Court disagrees.

First, the Court notes that, according to Orr's Amended Complaint, Echosphere employed Orr for four (4) years as an administrative support representative. (Pl. Am. Compl. ¶ 7) Orr does not include allegations that his physical limitations changed substantially in the months before his termination in a way that rendered him unable to perform his job. Thus, taking all inferences in favor of Orr, it may be inferred that Orr was able to perform the essential functions of his job from the fact that Echosphere employed him for several years.

Further, determining the essential functions of a given job is a fact inquiry with many considerations. *See Guneratne v. St. Mary's Hosp.*, 943 F. Supp. 771, 774 (S.D. Tex. 1996). The

Federal Regulations regarding the ADA suggest the following factors for the Court to consider: (1) the employer's judgment as to which functions are essential; (2) written job descriptions prepared before advertising or interviewing applicants for the job; (3) the amount of time spent on the job performing the function; (4) the consequences of not requiring the employee to perform the function; (5) the terms of a collective bargaining agreement; (6) the work experience of past employees on the job; and (7) the current work experience of employees in similar jobs. 29 C.F.R. § 1630.2(n)(3) (1995). It would not be proper for the Court to make such a fact-intensive determination that Orr was unable to perform the essential functions of his job without any evidence. Therefore, the Court will not grant Echosphere's Motion to Dismiss on that ground.

**C.**     *Reasonable Accommodations*

Echosphere's final argument in support of its Motion is that Orr failed to adequately plead any reasonable accommodations that would allow him to perform his job. (Def. Br. pp. 10-11)  A thorough reading of Orr's Amended Complaint, however, reveals that Orr made allegations of several specific accommodations that helped him perform his job, including: allowing him extra time to complete his work, giving him flexible hours, and getting his attention or touching him whenever his medication made him too drowsy. (Pl. Am. Compl. ¶ 7)  While Echosphere may not agree that these are reasonable accommodations, the Court will not make such a decision in the context of a motion to dismiss with no factual record.  Therefore, because Echosphere has not shown beyond doubt that Orr can prove no set of facts in support of his claim that would entitle him to relief, the Court **DENIES** Echosphere's Motion to Dismiss.

## III.  CONCLUSION

Because Orr has adequately pleaded his cause of action and the allegations in his Amended

Complaint, construed in the light most favorable to Orr, could entitle him to relief, the Court

**DENIES** Echosphere's Motion to Dismiss.

SO ORDERED.

SIGNED February   23<u>rd</u>   , 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE